```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ABDUL WALJI,                             :       14cv9273(DLC)
                       Movant,           :       13cr217 (DLC)
                                         :
           -v-                           :       MEMORANDUM
                                         :       OPINION & ORDER
UNITED STATES OF AMERICA,                :
                       Respondent.       :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On November 19, 2014, Abdul Walji filed a petition pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus. He seeks to vacate his conviction on the ground that his trial counsel was ineffective. Walji claims that he would have entered an earlier plea of guilty if properly represented. Walji also complains that his attorney failed to object at his sentencing to an improper loss calculation. Walji contends that counsel's errors led to the imposition of a longer sentence. For the following reasons, the petition is denied.

## BACKGROUND

Walji was charged in a complaint on December 10, 2012. In an indictment filed on March 21, 2013, he was charged with three counts of wire fraud, and one count each of securities fraud, commodities fraud, and conspiracy to commit securities and wire fraud. These charges related to the investment firm Arista LLC ("Arista") operated by Walji and co-defendant Reniero Francisco

("Francisco").  Through Arista, Walji and Francisco collected approximately $10 million from 40 investors through misrepresentations.  The defendants embezzled funds to which they were not entitled and lost nearly the entirety of the investor contributions.  Walji was arraigned on these charges on March 27, and was represented by retained counsel ("Counsel").

Beginning in May, agents of the FBI began interviewing investors victimized by Walji in a second scheme known as the Allied Benefits/Stone Lamm fraud ("Allied Benefits" fraud).  Through his company Calpension, Inc., Walji administered pension and welfare plans.  Walji made false representations about the nature of the investments he had made and would make with the plan funds and diverted client funds from those plans by means of a Ponzi scheme, causing losses to approximately 40 clients in an aggregate amount exceeding $11 million.

After Walji participated in a proffer session with the Government on June 14, the Government advised Counsel that it would not offer Walji a cooperation agreement.  Walji then waived indictment on July 2, and entered a plea of guilty pursuant to a plea agreement with the Government ("Agreement").  The superseding information contained three charges, two of which stemmed from the Arista fraud, and one of which stemmed from the Allied Benefits fraud.

Although the Agreement included a stipulated loss amount not exceeding $20 million and a guidelines range of 121 to 151 months' imprisonment, the Presentence Report ("PSR") found that the loss amount exceeded $20 million and that the guidelines range was 151 to 188 months' imprisonment.  Alji's sentencing submission did not dispute the loss amount calculated in the PSR, but did ask for a non-guidelines sentence pursuant to 18 § U.S.C. § 3553(a).

On November 15, Walji was sentenced principally to a term of imprisonment of 151 months.  The Court adopted the PSR guidelines calculation and declined to impose a non-guidelines sentence.  A sentence of 60 months and 120 months was entered on the counts related to the Arista scheme.  A sentence of 151 months was entered on the count related to the Allied Benefits fraud.  The sentences were imposed to run concurrently.

The judgment of conviction was entered on November 20, 2013.  Walji did not appeal his conviction.

Walji filed this petition on November 19, 2014.  The Government has opposed the petition, and on April 10, 2015, Walji submitted a reply in support of his petition.

## DISCUSSION

The standard for an ineffective assistance of counsel claim is well settled:

> In order to succeed on a claim of ineffective assistance of counsel, a claimant must meet the two-pronged test established by [Strickland v. Washington, 466 U.S. 668 (1984)]: (1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance; and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (citation omitted). "The [ineffectiveness] claim must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." Id. (citation omitted).

As clarified by his reply, Walfi contends in his first claim that his Counsel was ineffective for failing to advise him to promptly enter a plea of guilty to the Arista fraud charges following his arrest on the complaint or his indictment. Since the Government did not begin its investigation of the Allied Benefits fraud in earnest until May of 2013, Walji argues that an entry of a plea before May would have resulted in a shorter sentence being imposed since the sentence would have been based solely on his plea of guilty to the charges stemming from the Arista scheme.

The first claim fails because Walji has failed to demonstrate prejudice. Walji does not dispute that the Government had learned of the Allied Benefits fraud in early

4

2013.  Victims began to contact the Government as soon as they learned of the Arista charges that had been filed against Walji. Moreover, Walji does not dispute that the Government would have compiled sufficient evidence to indict him for and convict him of the Allied Benefits fraud even if he had already entered a plea of guilty to the Arista fraud.  He also does not suggest that he is innocent of any of the charges filed against him and does not argue that he would have chosen to contest the Allied Benefits charges by proceeding to trial instead of entering a plea of guilty.  As a consequence, Walji would have been charged with and sentenced for the Allied Benefits fraud even if he had promptly entered a plea of guilty to the Arista fraud.

Moreover, Walji has not suggested that a sentence on the Allied Benefits fraud, even if imposed in a separate, as opposed to consolidated, sentencing proceeding, would have resulted in a total sentence shorter than the one he is now serving. Accordingly, Walji's first claim for ineffective assistance of counsel is denied for his failure to show that he was prejudiced by his failure to enter a more expedited plea to the Arista fraud charges alone.

Walji's second claim is that his attorney should have advised him not to enter a plea agreement with the Government so that Walji could contest the Government's calculation of a loss amount.  Walji contends that the total loss amount for all of

5

the fraudulent activity underlying his three counts of conviction was $1.5 million because the loss amount is properly calculated as the amount by which he was unjustly enriched. Walji begins with the compensation he took and the funds he improperly diverted for his personal use, which he calculates as $4.4 million. From this he subtracts fees of $900,000 that he "properly" earned and $2 million in seized assets, resulting in a net loss of $1.5 million.

This second claim fails as well, for at least two separate reasons. In making his second claim, Walji does not contest that the investors in his schemes invested over $20 million, and that those amounts are properly recorded in the PSR. As indicated in the PSR, twenty-two levels are added to an offense level when the total loss from the frauds is more than $20 million. Sentencing Guidelines 2B1.1(b)(1)(L). As explained in Application Note 3, loss is measured as the greater of actual loss or intended loss from an offense. It is only measured as the gain from the offense when the loss cannot be reasonably determined. See United States v. Byors, 586 F.3d 222, 225-26 (2d Cir. 2009). Accordingly, counsel did not err in this case in failing to argue that the measure of loss should be Walji's unjust enrichment rather than the actual and intended loss experienced by the investors. Because of this result, it is

unnecessary to discuss whether Walji has properly calculated his gain from his offenses.

In addition, Walji has again failed to show that he was prejudiced by his Counsel's advice that he enter the Agreement with the Government, which included a loss calculation higher than he now advocates.  As it turned out, the PSR rejected the loss calculation recited in the Agreement.  And, at the sentencing, the Court adopted the PSR's loss calculation.  As part of the sentencing proceeding, the Court also ordered Walji to pay restitution of over $21 million.

## CONCLUSION

Walji's November 19, 2014 petition is denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

Dated:    New York, New York
          July 2, 2015

                                     _____
                                            DENISE COTE
                                     United States District Judge